UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SINGLE CHIP SYSTEMS CORPORATION and NEOLOGY, S. de R.L. de C.V., | ) ) ) | Civil No. 04CV1517 JAH (CAB) |
| Plaintiffs, | ) ) | **ORDER RE: FINDINGS OF FACT UNDER FED. R. CIV. P. 56(D)** |
| v. | ) ) | **[Doc. Nos. 440 and 441]** |
| INTERMEC IP CORP., TRANSCORE, LP and TRANSCORE HOLDINGS, INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| TRANSCORE, LP, | ) ) | |
| Counter-claimant, | ) ) | |
| v. | ) ) | |
| SINGLE CHIP SYSTEMS CORPORATION and NEOLOGY, S. de R.L. de C.V., | ) ) ) | |
| Counter-defendants. | ) ) | |
| _____ | ) | |

## **INTRODUCTION**

Now before this Court are Plaintiffs Single Chip Systems Corp. and Neology, S. de R.L. de C.V.'s (collectively "Plaintiffs") and Defendants TransCore LP and TransCore Holdings, Inc.'s (collectively "TransCore") separate motions for a determination of findings of fact under Federal Rule of Civil Procedure 56(d).  Doc. Nos. 440 and 441.  The motions have been fully briefed, and were taken under submission by this Court pursuant to CivLR 7.1(d.1).  After a

thorough review of the parties' pleadings and relevant exhibits, as well as for the reasons discussed below, this Court now issues its Order re: findings of fact under Fed. R. Civ. Proc. 56(d).

## BACKGROUND

### I.      Procedural History

Plaintiffs filed the instant complaint on July 27, 2004, seeking declaratory relief from this Court regarding three of Defendant Intermec IP Corporations's patents (U.S. Patent Nos. 5,030,807; 5,528,222; and 6,121,880). Defendant Intermec moved to dismiss claims two and three of the complaint, or U.S. Patent Nos. 5,528,222 and 6,121,880. Doc. No. 37. This Court granted Defendant Intermec's motion, over the objection of TransCore, leaving only U.S. Patent No. 5,030,807 (the "'807 patent") in this declaratory relief action. *See* Doc. Nos. 43 and 61.

In October 2005, TransCore inquired with this Court whether or not an early Markman hearing would be entertained. The Court indicated that it would. The parties met and conferred, and stipulated to a schedule controlling the submission of Markman hearing briefs and related expert depositions. *See* Doc. No. 103. On November 3, 2005, this Court issued an Order adopting the parties' stipulation with revisions. Id.

On December 1, 2005, the parties filed a joint claim construction chart and pre-hearing brief regarding the Markman proceedings. Doc. No. 129. Plaintiffs and TransCore filed their Opening Markman briefs on November 23, 2005 and December 5, 2005, respectively. *See* Doc. Nos. 121 and 132. Plaintiffs and TransCore filed their Opposition briefs on December 7, 2005. *See* Doc. Nos. 134 and 136. Plaintiffs and TransCore filed their Reply briefs on December 14, 2005. *See* Doc. Nos. 143 and 145. A tutorial hearing was held on December 19, 2005, and a Markman hearing on January 9, 2006. Doc. Nos. 148 and 154. TransCore subsequently filed a Citation of New Authority after the Markman hearing, which Plaintiffs opposed. Doc. Nos. 155 and 163. On March 22, 2006, this Court ordered supplemental briefing from the parties. *See* Doc. No. 197. Both parties filed supplemental briefs on March 30, 2006. This Court issued its Markman Order on April 14, 2006.

On February 22, 2006, Plaintiffs filed their motion for summary judgment under 35 U.S.C. § 287(a), seeking a judgment that TransCore is barred from recovering any damages arising prior to providing notice of infringement.  Doc. No. 178.  TransCore filed an opposition on April 18, 2006.  Doc. No. 212.  Plaintiffs filed a reply under seal on April 20, 2006.  Doc. No. 227.  The matter was taken under submission by this Court pursuant to Civ.LR 7.1(d.1). *See* Doc. No. 221.  On July 6, 2006, this Court denied Plaintiff's summary judgment under 35 U.S.C. § 287(a).  Doc. No. 327.

On May 2, 2006, Plaintiffs filed a motion to modify the Court's claim construction order.  Doc. No. 231.  TransCore filed an opposition on May 18, 2006.  Doc. No. 246.  On May 24, 2006, Plaintiffs filed a reply.  Doc. No. 270.  The matter was taken under submission by this Court pursuant to Civ.LR 7.1(d.1).  *See* Doc. No.  273.  On June 8, 2006, TransCore filed a request for leave to file a surreply in opposition to Plaintiffs' motion to modify the Court's claim construction order.  Doc. No. 280.  This Court granted Plaintiff's request.  Doc. No. 279.  On August 7, 2006, this Court issued an Order clarifying the Court's claim construction order, and denying Plaintiff's motion to modify the claim construction.  Doc. No. 344.

On May 8, 2006, Plaintiffs filed a motion to strike TransCore's amended counterclaim.  Doc. No. 236.  Plaintiff Neology, Inc. filed a motion to dismiss TransCore's amended counterclaim. TransCore filed a combined opposition to Plaintiffs' motion to strike and motion to dismiss on June 12, 2006.  Doc. No. 284.  On June 15, 2006, Plaintiffs filed a reply in their motion to strike.  Doc. No. 293.  Plaintiff Neology, Inc. filed a reply in its motion to dismiss on June 15, 2006.  Doc. No. 295.  The matter was taken under submission by this Court pursuant to Civ.LR 7.1(d.1).  *See* Doc. No.  297.  On August 4, 2006, this Court granted Plaintiffs' motion to strike TransCore's amended counterclaim and addition of new party.  Doc. No. 343.

On May 22, 2006, Plaintiffs filed a motion for summary judgment for invalidity under 35 U.S.C. § 112.  Doc. No. 250.  Plaintiffs also filed a motion for summary judgment of invalidity under 35 U.S.C. §§ 102 and 103.  Doc. No. 258.  On June 20, 2006, TransCore filed

04cv1517

under seal a combined opposition to Plaintiffs' motion for summary judgment of invalidity. Doc. No. 301.  Plaintiffs filed replies in their motion for summary judgment of invalidity on June 26, 2006.  *See* Doc. Nos. 309 and 311.  This Court denied Plaintiffs' motions for summary judgment of invalidity on November 6, 2006.  Doc. No. 366.

On May 22, 2006, TransCore filed a motion for summary judgment of patent infringement.  Doc. No. 259.  Plaintiff Neology, Inc. filed an opposition on June 12, 2006. Doc. No. 287.  Plaintiffs filed an opposition under seal on June 12, 2006.  On June 26, 2006, TransCore filed a reply under seal.  Doc. No. 325.  This Court denied TransCore's motion for summary judgment of infringement on December 5, 2006.  Doc. No. 367.

On May 22, 2006, Plaintiffs filed a motion for summary judgment of non-infringement and for sanctions under Fed. R. Civ. P. 37.  Doc. No. 254.  TransCore filed an opposition under seal on June 20, 2006.  Doc. No. 300.  Plaintiffs filed a reply under seal on June 26, 2006.  Doc. No. 320.  This Court granted in part and denied in part Plaintiffs' motion for summary judgment of non-infringement on December 5, 2006.  Doc. No. 367.

On August 11, 2006, TransCore filed a motion for leave to file a first amended counterclaim.  Doc. No. 345.  Plaintiffs filed an opposition on September 5, 2006.  Doc. No. 364.  TransCore filed a reply on September 7, 2006.  Doc. No. 359.   On January 24, 2007, this Court denied TransCore's motion to file a first amended counterclaim.  Doc. No. 370.  TransCore thereafter filed a new case against Neology, Inc., *see* Case No. 07CV0256, asserting patent infringement under 35 U.S.C. §§ 271(a)-(c) and (f), and filed a notice of related case with this Court.  Doc. No. 371.  TransCore filed a motion to consolidate the two cases on February 20, 2007.  This Court, on May 21, 2007, dismissed Case No. 07CV0256 without prejudice and denied TransCore's motion to consolidate as moot.  Doc. No. 495.

On February 22, 2007, TransCore filed an ex parte application to request that this Court provide findings of fact under Fed. R. Civ. P. 56(d).  Doc. No. 383.  Plaintiffs filed an opposition to TransCore's ex parte application on February 23, 2007.  Doc. No. 385.  On March 2, 2007, this Court denied TransCore's ex parte application without prejudice, stating that this Court's Local Rules require the parties to provide in the "simplification of triable

issues," including the identification of undisputed facts prior to trial.  Doc. No. 390.  The Court allowed Defendants to renew their Rule 56(d) request after completion of the relevant pretrial proceedings.  Id.

On March 22, 2007, this Court held the pretrial conference, and set a briefing schedule for motions in limine and motions regarding proposed findings of fact.  Doc. No. 394.  On April 9, 2007, TransCore filed seven separate motions in limine.  Doc. Nos. 401-405; 425-426 (filed under seal).  Plaintiffs filed oppositions to TransCore's motions in limine on April 16, 2007.  Doc. Nos. 456-460; 466-468 (filed under seal).

On April 9, 2007, Plaintiffs filed fifteen separate motions in limine.  Doc. Nos. 407-417; 430-434 (filed under seal).  TransCore filed oppositions to Plaintiff's motions in limine on April 16, 2007.  Doc. No. 442; 446-455; 471-474 (filed under seal).  Defendant Intermec IP also filed an opposition to Plaintiffs' motion in limine no. 15 on April 16, 2007.  Doc. No. 444.

On April 13, 2007, both parties filed proposed findings of fact with this Court.  Doc. Nos. 440-441.  The parties filed responses to the proposed findings of fact on April 20, 2007.  Doc. Nos. 477-478.

On April 24, 2007, Plaintiffs filed an ex parte application seeking leave to file and expedite a hearing on a request for reconsideration.  Doc. No. 479.  TransCore filed an opposition to Plaintiffs ex parte request, as well as the request for reconsideration on April 26, 2007.  Doc. No. 481.  TransCore also sought sanctions for Plaintiffs' motion for reconsideration.  Id.  On May 4, 2007, this Court held a hearing on an unrelated matter, and discussed Plaintiffs' filing of its request for reconsideration.  Doc. No. 490.  At the hearing, the Court granted Plaintiffs' ex parte application for leave to file their request for reconsideration, and set a deadline for submission of Plaintiffs' reply, and took the matter under submission.  Id.; Doc. No. 493.  On May 9, 2007, Plaintiffs filed a reply.  Doc. No. 488.

At the motions in limine hearing on May 10, 2007, Plaintiffs made an oral motion to renew their motion for summary judgment of invalidity of the '807 Patent as obvious under the Supreme Court's recent decision in KSR Int'l Co. v. Teleflex, Inc., __ U.S. __, 127 S.Ct. 1727 (April 30, 2007).  Plaintiffs also requested a delay of the trial hearing date pending this Court's

04cv1517

1   decision on Plaintiffs' renewed motion for summary judgment.   TransCore objected to

2   Plaintiffs' motion.  This Court granted Plaintiffs' motion, and set a scheduling order for limited

3   discovery on this narrow issue of obviousness, and set a hearing date for June 22, 2007.   Doc.

4   No. 491 and 496.

5        On May 29, 2007, Plaintiffs filed a motion for summary judgment re: invalidity of the

6   '807 Patent in view of <u>KSR</u>.  Doc. No. 497.  TransCore filed an opposition on June 7, 2007.

7   Doc. No. 507 (filed under seal).  Plaintiffs filed a reply on June 8, 2007.  Doc. No. 510.

8        On June 1, 2007, TransCore filed an <u>ex</u> <u>parte</u> motion to strike Goldberg's declaration

9   submitted by Plaintiffs in support of their motion for summary judgment re: invalidity of the

10  '807 Patent in view of <u>KSR</u>.   Doc. No. 499.   On June 4, 2007, this Court construed

11  TransCore's <u>ex</u> <u>parte</u> motion as a motion to strike, allowing Plaintiffs to file and serve an

12  opposition to the motion, and no reply by TransCore.  Doc. No. 504. Plaintiffs filed a response

13  in opposition to TransCore's motion to strike on June 8, 2007.  Doc. No. 510.  On June 29,

14  2007, this Court issued an Order granting in part and denying in part Plaintiff's motion for

15  summary judgment of invalidity.

16  **2.    Factual Background**

17       This case concerns U.S. Patent Number 5,030,807 ("the '807 Patent"), entitled "System

18  for Reading and Writing Data from and into Remote Tags."  The named inventors on the '807

19  Patent are Jeremy A. Landt and Alfred R. Koelle.  The '807 Patent, which was filed with the

20  U.S. Patent and Trademark Office on January 16, 1990, was issued on July 9, 1991.  Defendant

21  Intermec IP Corp is the assignee of the '807 Patent.   Defendants TransCore, L.P. and

22  TransCore Holdings, Inc., licensed the '327 Patent from Defendant Intermec, Corp. *See* Cplt.

23  at 4.

24       The '807 Patent discloses systems and devices for identifying, reading, relaying and

25  writing information into moveable objects.  Moveable objects employing these systems and

26  devices include the tracking of retail items, electronic automated tollbooths, inventory control

27  during shipment and container tracking.  The system employs an interrogator which sends a

28  radio frequency ("RF") signal to a moveable object.  The moveable object is capable of relaying

04cv1517

information stored in the object by backscatter modulating information stored in the moveable object onto the RF signal.  The moveable object transmits this information back to the interrogator, which can store the information, as well as write information into the object.  The interrogator is capable of writing information into a moveable object only if it recognizes the moveable object, and has information to write into the moveable object.

## DISCUSSION

## I.  Legal Standard

Federal Rule of Civil Procedure 56(d) states:

> If on motion under this rule judgment is not rendered upon the whole case or fall the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just.  Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Fed. R. Civ. Proc. 56(d) (West 2006).  The purpose behind Rule 56(d) is to "speed[] up litigation by eliminating before trial matters wherein there is no genuine issue of fact," and therefore cannot be controverted. Fed. R. Civ. Proc. 56(d), Advisory Committee Notes (1946). Rule 56(d) also serves to remove "sham issues" on a case.  *See* Meschino v. International Tel & Tel. Corp., 563 F.Supp. 1066, 1073 (D.C.N.Y. 1983), citing to Wright & Miller, 10B Federal Practice & Procedure § 2737 (1983).  Rule 56(d), therefore, allows a court to enter a pretrial order "to frame and narrow the triable issues if the court finds that such an order would be helpful to the progress of the litigation."  Capitol Records, Inc. v. Progress Record Distributing, inc., 106. F.R.D. 25, 29 (D.C. Ill. 1985).  A district court has broad discretion to determine if the entry of findings of fact would further the purpose under Rule 56(d), and thus may decline to do so if it does not.  Dept. of Toxic Substances Control v. Interstate Non-Ferrous Corp., 99 F.Supp.2d 1123, 1125 (E.D. Cal. 2000) ("[I]f the court determines that identifying indisputable facts through partial summary judgment would not materially expedite the adjudicative process, it may decline to do so. "); Meschino, 563 F.Supp. at 1073 (denying

1    Rule 56(d) motion where introduction of facts "will be less confusing for the jury if the[] facts

2    are established at trial in the normal presentation of evidence by both sides.").

3    **II.    Analysis**

4         The parties have separately filed proposed findings of fact for this Court's consideration.[1]

5         **A.    Plaintiffs' Proposed Findings of Fact**

6         Plaintiffs proposed findings of fact relate to this Court's Orders regarding 35 U.S.C.

7    § 287(a), patent infringement under §§ 271(a)-(c) and invalidity under 35 U.S.C. § 102.

8              1.    35 U.S.C. § 287(a)

9         Plaintiffs first argue that certain findings of fact allegedly made by this Court should be

10   entered, which would narrow the issues for trial "[b]ecause no damages can be claimed for any

11   allegedly infringing activity prior to the proper §287 notice."  Doc. No. 440 at 2.  In response,

12   TransCore contends that the relevant Order which denied summary judgment to Plaintiff does

13   not preclude TransCore from presenting additional evidence at trial to prove actual notice prior

14   to the May 27, 2004 date.  Doc. No. 277 at 3.

15             a.    *Proposed Findings of Fact Nos. 1 and 3-6: Actual Notice Prior to May 24,*

16                   *2004*

17        Plaintiffs seek entry of factual findings relating to TransCore's 2002 meetings, specifically

18   that this Court did not find in its Order that the meetings constituted actual notice under §

19   287(a).  Doc. No. 440 at 2-3.  Plaintiffs allege that "the trial can be simplified in that the jury

20   will not be required to consider evidence related to pre-notice activity by SCS."  Id. at 2.  In

21   response, TransCore asserts that this Court "in *denying* SCS summary judgment" cannot now

22   "preclude[] [TransCore] from presenting at trial its most complete set of evidence of actual

23   notice."  Id. at 3 (emphasis in original).  TransCore contends that the Court made its findings

24   while "viewing only a subset of that evidence."  Id.  TransCore also argues that because actual

25   notice is a fact-intensive inquiry, the Court should allow TransCore to present evidence "that

26   SCS did in fact receive actual notice of its infringement before TransCore filed its May 24,

27

28       [1] This Court reserves ruling on certain proposed findings of fact on invalidity, specifically including
     Plaintiff's proposed findings of fact nos. 6-8, until it reviews supplemental pleadings and/or considers
     arguments by the parties.

1   2004 complaint." <u>Id.</u>

2          Under Rule 56(d), this Court may "if practicable ... make an order specifying the facts

3   that appear without substantial controversy." Fed. R. Civ. Proc. 56(d).  To be without

4   substantial controversy, a fact must not be in dispute.  <u>Occidental Fire & Cas. Co. v.</u>

5   <u>Continental Bank</u>, 918 F.2d 1312, 1320 (7th Cir. 1990) (noting that under Rule 56(d), a trial

6   court may enter an order "listing the facts that are not in dispute.").

7          In its Order, this Court analyzed the evidence presented by TransCore in opposition to

8   Plaintiffs' summary judgment motion to bar TransCore from asserting damages prior to the

9   filing of the instant complaint in December 2004. TransCore, in response, presented two

10  arguments: 1) evidence of meetings  in 2002; and 2) the filing of TransCore's complaint in

11  May 2004, prior to the filing of the instant complaint. The Court specifically found that

12  although the 2002 evidence as presented did not amount to actual notice, TransCore's filing

13  of the May 2004 complaint created a genuine issue of material fact that Plaintiffs' August 2004

14  date was not controlling. *See* Doc. No. 327 at 9-10.  TransCore, accordingly, met its burden of

15  showing a genuine issue of material fact to defeat summary judgment at this stage.  That

16  TransCore met its burden under summary judgment, however, does not equate to a finding as

17  a matter of law, or as a fact without substantial controversy, that the evidence presented did not

18  amount to actual notice.  This Court's role, instead, is limited at summary judgment to

19  determining if, given the facts presented and available, if "there is a genuine issue for trial."

20  Doc. No. 327at 6, quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).  TransCore had

21  met its burden at summary judgment of a genuine issue under § 281(a), and therefore should

22  not be precluded from presenting additional evidence that could demonstrate actual notice prior

23  to May 24, 2004.[2]

24         Moreover, although Rule 56(d) "empowers a court to specify (and set to one side) facts

25  that are without substantial controversy, the rule nevertheless 'permits the court to retain full

26  power to make one complete adjudication on all aspects of the case when the proper time

27  _____

28  [2] This Court notes that Plaintiffs present similar arguments in its opposition to TransCore's proposed
findings of facts, stating that by "defeat[ing] TransCore's motion for summary judgment, it cannot be argued
that SCS has conceded any of the factual allegations asserted."  Doc. No. 478 at 6.

arrives.'" <u>Colasanto v. Life Ins. Co. of North America</u>, 100 F.3d 203, 210 (1st Cir. 1996).  The Court here declines to exercise its role under 56(d) to set aside facts that are not without substantial controversy, and chooses here instead to retain its power to "make one complete adjudication" of the actual notice aspect.  This Court, accordingly, DECLINES TO ADOPT Plaintiffs' proposed findings of fact nos. 1 and 3-6 regarding actual notice prior to May 24, 2004.

> *b.*     *Proposed Finding of Fact No. 2: Constructive Notice*

Plaintiffs assert that a finding of fact should be entered as to TransCore's "fail[ure] to provide constructive notice through the marking of the relevant products with the '807 patent number."  Doc. No. 440 at 3.  TransCore refutes Plaintiffs' contention, asserting instead that because it will not present at trial marking evidence on its commercial embodiments, "the jury need not be instructed on the law of constructive notice, and there is no need for any finding regarding an issue that TransCore will not even present at trial to meet its burden on the notice issue."  Doc. No. 477 at 2.

As discussed, the purpose of Rule 56(d) is to streamline issues that are "without substantial controversy," or to remove sham issues on a case. In the instant matter, Plaintiffs here seek to streamline issues related to § 287(a) by eliminating constructive notice as a means for proving damages by TransCore. *See* Doc. No. 440 at 2-3.  Transcore represents that it will not present the issue at trial to meet its burden concerning notice.   Accordingly, this Court hereby DECLINES TO ADOPT, without prejudice, Plaintiffs' proposed factual finding that TransCore has not provided constructive notice under 35 U.S.C. § 287(a).

> *c.*     *Proposed Finding of Fact No. 7: May 24, 2004 Actual Notice*

Plaintiffs also proposed findings of fact regarding "a question of material fact as to whether the filing of the original Complaint by TransCore in May 27, 2004 constitutes actual notice under § 287(a)."  Doc. No. 440 at 3.  Plaintiffs assert that this Court in its summary judgment Order "left for the jury to decide if the May 27, 2004 date satisfies the requirements of § 287(a)."  <u>Id.</u> at 2.  In response, TransCore contends that this Court in its Order found actual notice regarding TransCore's May 27, 2004 complaint, and therefore "as a matter of law

1   [ ] no reasonable jury could find otherwise."  Doc. No. 477 at 3-4.

2          Under Rule 56(d) this Court may "make an order specifying the facts that appear

3   without substantial controversy."  Fed. R. Civ. Proc. 56(d).  Plaintiffs here ask this Court to

4   determine prior to trial facts that are substantially at issue, which is beyond the scope of this

5   motion. Thus, to the extent that Plaintiffs now ask this Court to go beyond the scope of Rule

6   56(d), and ascertain by order facts that appear *with* substantial controversy, this Court must

7   decline to do so.  Accordingly, this Court DECLINES TO ADOPT Plaintiff's proposed findings

8   of fact relating to genuine issues of material fact of TransCore's actual notice of infringement

9   by the filing of TransCore's May 24, 2004 complaint.

10                  2.    Patent Infringement: Proposed Findings of Fact Nos. 1-3

11         Plaintiffs next ask this Court to enter its proposed findings of fact to exclude evidence

12  "of merely making individual components or foreign sales of components by SCS that

13  TransCore has no evidence were ever sold or used in the U.S. in an operable system."  Doc.

14  No. 440 at 4.  TransCore opposes entry of these proposed facts, contending instead that

15  Plaintiffs' request are improper because they seek entry of questions of law, not fact, and are

16  not supported by this Court's non-infringement/infringement summary judgment Order.  Doc.

17  No. 477 at 4-5.  A review of Plaintiffs' proposed findings of fact is not supported by the record

18  or the purpose under Rule 56(d).  First, Plaintiffs' proposition does not amount to the entry of

19  "facts that appear without substantial controversy."  Fed. R. Civ. Proc. 56(d).  Instead,

20  Plaintiffs' proposition amounts to the entry of conclusions of law, which is beyond the scope

21  of this motion.

22         In addition, a review of this Court's summary judgment Order does not support

23  Plaintiffs' contention.  In its Order, this Court analyzed whether TransCore, who bears the

24  ultimate burden of demonstrating patent infringement under 35 U.S.C §§ 271(a)-(c), raised a

25  genuine issue of material fact regarding whether TransCore demonstrated that Plaintiffs have

26  made, used, offered to sell or sold its produces in the United States or imported its products

27  into the United States. *See* Doc. No. 367 at 20. This Court, contrary to Plaintiffs' assertions,

28  did not address in its Order that "TransCore has alleged that simply making or selling the

1  individual components of an allegedly infringing system in the [United States] is direct

2  infringement under § 271(a)." Doc. No. 440 at 4. This Court, instead, found that TransCore

3  had met its burden under summary judgment by presenting "unrebutted evidence through

4  deposition testimony that Plaintiffs have used the system for testing purposes in the United

5  States." Id. at 21. This Court, accordingly, did not reach the issue that Plaintiffs now contend,

6  and therefore cannot now list Plaintiffs' propositions as "facts that appear without substantial

7  controversy." *See* Fed. R. Civ. Proc. 56(d). This Court, therefore, DECLINES TO ADOPT

8  Plaintiffs' proposed findings of fact relating to this Court summary judgment Order on patent

9  infringement and non-infringement.

10                 3.     Patent Invalidity

11         Plaintiffs finally seek from this Court an entry of its proposed findings of fact relating

12  to this Court summary judgment Order of invalidity under 35 U.S.C. §§ 102 and 112.

13                 a.     *Proposed Finding of Fact Nos. 1 and 3: Sterzer Reference and Patent*

14         Plaintiffs first contend that "TransCore conceded that the *Sterzer* reference taught

15  (anticipated) all the requirements of claim 1 of the '807 patent, except three – (1) backscatter

16  modulation, (2) storage, and (3) selective transmission." Doc. No. 440 at 5. Plaintiffs ask this

17  Court to enter a finding of fact that the "*Sterzer* reference teaches (anticipates) every limitation

18  of Claim 1, except there remains a fact issue as to (1) whether the remote object of the *Sterzer*

19  reference backscatter modulates and (2) whether it is capable of storing data." Id., citing to

20  Invalidity Order (Doc. No. 366) at 12-13. In response, TransCore asserts that this Court did

21  not address this factual issue, and therefore it cannot be entered under Rule 56(d). Doc.

22  No. 477 at 6.

23         As discussed, this Court under Rule 56(d) may, after consideration of a summary

24  judgment motion that does not dispose of all of the issues of a case, make a list of findings of

25  fact that are "without substantial controversy." This Court, in its Order on Plaintiff's motion

26  for summary judgment of invalidity under KSR, found that the Sterzer references disclose all

27  elements of Claim 1 of the '807 Patent except backscatter modulation and data storage. *See*

28  Doc. No. 528 at 21-22. Accordingly, this Court ADOPTS Plaintiffs' proposed finding of fact

nos. 1 and 3 relating to the *Sterzer* reference and patent, that:

> *The Sterzer reference and patent teach all limitations of claim 1 except backscatter modulation and data storage.*

   b. <u>Proposed Finding of Fact Nos. 2 and 4: Sterzer Reference and Patent Teaches Selective Transmission</u>

 Plaintiffs next contend that this Court should make an entry of its proposed finding of fact that the "*Sterzer* reference teaches the selective transmission element of Claim 1 of the '807 patent." Doc. No. 440 at 6, citing to Doc. No. 366 at 13. TransCore opposes Plaintiffs' proposed finding, asserting that this Court in its discussion regarding the *Henoch* reference correctly stated the construction of the term "selective transmission" as the ability to "differentiate between specific tags." Doc. No. 477 at 7, citing to Doc. No. 366 at 20-21. TransCore concludes that the Court's construction of "selective transmission" in association with the *Henoch* reference differs from its construction in discussion of the *Sterzer* reference and patent, precluding entry of Plaintiffs' proposed finding as a finding of fact under Rule 56(d). Id.

 A review of the parties' pleadings reveals that Plaintiffs' proposed finding of fact is without substantial controversy. This Court in its Order for summary judgment of invalidity, found that the Sterzer reference and patent teach an electronic license plate for use in vehicle tracking technology. *See* Doc. No. 366 at 12-13; Doc. No. 528 at 21-22. This Court, therefore finds a lack of "substantial controversy" surrounding Plaintiffs' proposed finding of fact, and therefore ADOPTS the proposed findings of fact related to selective transmission and the *Sterzer* reference and patent, that:

> *The Sterzer reference and patent teach selective transmission required in Claim 1 of the '807 Patent.*

//

//

//

//

1

2

        *c.*    *Proposed Finding of Fact No. 5: Sterzer and Henoch References are Enabled as Prior Art*

3

4

5

6

      Plaintiffs also seek a finding of fact that the *Sterzer* and *Henoch* references are enabled as prior art.  Doc. No. 440 at 6, citing to Doc. No. 366 at 22.  In response, TransCore asserts that Plaintiffs seek to improperly "preclude TransCore from offering evidence at trial beyond that which TransCore set forth in *successfully opposing* summary judgment."  Doc. No. 477 at 8.

7

8

9

10

11

12

13

14

15

16

17

18

19

      This Court in its Order analyzed whether there appeared a genuine issue of fact regarding the alleged anticipation of the '807 Patent by the *Sterzer* patent and reference, and the *Henoch* reference.   Doc. No. 366 at 22.   As part of its argument against the *Sterzer* and *Henoch* references, TransCore asserted that the alleged prior art references were not enabled.  Id. at 22. This Court, in analyzing the pleadings, declarations and other evidence in the record found that TransCore did not meet its burden of demonstrating non-enablement of the alleged prior art because of the conclusory nature of TransCore's statements.  Id.  Accordingly, this Court did not address whether the facts in the record were "without substantial controversy," but only that TransCore did not meet its burden at the summary judgment stage of demonstrating that the *Sterzer* and *Henoch* references were not enabling because of the conclusory nature of the statements.  In addition, the Court does not find this "fact" to be a sham issue, nor will the elimination at trial serve to narrow the issues.  Therefore, this Court DECLINES TO ADOPT Plaintiffs' proposed finding of fact regarding enablement of the *Sterzer* and *Henoch* references.

20

21

        *d.*    *Proposed Finding of Fact No. 9: No Requirement to Isolate One Remote Object or Tag in a Field of Many*

22

23

24

25

26

27

28

      Plaintiffs finally contend that this Court should enter a finding of fact that the asserted claims of the '807 Patent "do not require the ability to isolate one remote object or tag in a field of many."  Doc. No. 440 at 7, citing to Doc. No. 366 at 13.  TransCore in response rebuts, asserting instead that Plaintiffs' contention "is inconsistent with the Court's finding that the '807 patent requires the 'ability of the device … to differentiate between specific tags, and thus the ability to target a specific tag."  Doc. No. 477 at 8.  In its first Order on summary judgment of invalidity for obviousness, this Court discussed whether Claim 1 requires the isolation of one

1  remote object or tag in a field of many, or whether the device is simply required to isolate a
2  remote object irregardless of the presence of multiple tags or remote objects.  *See* Doc. No. 366
3  at 13.  This Court, however, did not determine, as Plaintiffs urge, that it is <u>not</u> necessary to
4  isolate one remote object or tag in a field of many.  Instead, this Court found that Claim 1
5  "only requires that the interrogator transmit data 'only after the remote object has been
6  identified as the correct remote object to receive data from the interrogator,' not that it must
7  do so within a crowd of remote objects."  *See* <u>id.</u>  The Court, therefore, did not reject that the
8  remote object could isolate a remote object in a field of many as part of the claim requirements,
9  only that it was not the exclusive way of doing so. Accordingly, this Court DECLINES TO
10 ADOPT Plaintiffs' proposed finding of fact no. 9.

11        **B.    TransCore's Proposed Findings of Fact**

12        TransCore's proposed findings of fact relate to this Court's Orders regarding 35 U.S.C.
13 § 287(a), patent infringement under §§ 271(a)-(c) and invalidity.

14               1.    Proposed Finding of Fact No. 1: Exclusive Licensee

15        TransCore first contends that this Court should enter a finding of fact under Rule 56(d)
16 that "TransCore, LP is an exclusive licensee under the '807 patent within its licensed field, and
17 therefore has standing to assert the '807 patent against SCS."  Doc. No. 441 at 4.  Although
18 Plaintiffs in response admit that this Court did find that the cross-license agreement ("CLA")
19 at issue "included TransCore and 'its affliates,'" including TransCore, LP, Plaintiffs assert that
20 the analysis does not end there.  Doc. No. 478 at 3.  Instead, Plaintiffs allege that TransCore
21 "must demonstrate that it has <u>continued</u> to be the exclusive licensee under the '807 patent since
22 execution of the CLA."  <u>Id.</u> (emphasis in original). As support, Plaintiffs point to TransCore's
23 alleged actions during the pendency of this suit to transfer the patent "to an off-shore entity"
24 or holding company, and whether this holding company granted TransCore LP non-exclusive
25 rights, thereby negating TransCore LP's standing to sue.  <u>Id.</u>

26        In its summary judgment motion for non-infringement, Plaintiffs challenged whether
27 TransCore LP had standing to sue for patent infringement under the CLA, specifically whether
28 the language of the CLA granted a license to TransCore LP as an affiliate of TransCore in the

limited designated field.  Doc. No. 225 at 11-12.  This Court in its analysis looked at the plain language of the CLA, as well as the pleadings and evidence in the record, and found that TransCore LP, as an affiliate of TransCore Holdings, was included within the contract terms, and therefore the CLA "d[id] not exclude TransCore's affiliates from the license under the '807 Patent, who were explicitly granted rights to the ['807] patent in the CLA."  Doc. No. 367 at 26.  This Court, however, did not analyze whether post-filing activities by TransCore, as Plaintiffs allege, negated TransCore LP's standing in the instant matter.  This Court, therefore, agrees with Plaintiffs that the Court's summary judgment Order addressing Plaintiff's motion for summary judgment of non-infringement did not address whether TransCore has continued to demonstrate standing to sue under the '807 Patent.  Accordingly, this Court DECLINES TO ADOPT TransCore's proposed finding of fact regarding standing, and ADOPTS Plaintiffs' proposed finding of fact that:

> *TransCore LP, as an affiliate of TransCore Holdings, received an exclusive license to the '807 Patent in the defined field of use.*

2.    Proposed Finding of Fact No. 2: Plaintiffs' Accused Infringing Systems

TransCore next contends that this Court should enter its proposed finding of fact that "SCS' accused infringing system falls within Counterclaimant TransCOre, LP's exclusively licensed field under the '807 patent."  Doc. No. 441 at 4, citing to Doc. No. 367 at 24.  In response, Plaintiffs assert that whether the accused infringing systems at issue fall within the claims of the '807 Patent "is a jury question."  Doc. No. 478 at 4-5.  Plaintiffs further claim that the "products have use outside the defined field."  Id. at 4.

In its summary judgment motion, Plaintiffs alleged that TransCore lacked standing to sue because the CLA granted an exclusive license "to a very specific and limited field."  Doc. No. 225 at 11.  This Court, in analyzing the parties' pleadings and evidence submitted, found that the record did not support Plaintiffs' contentions.  Instead, this Court, in looking at the evidence submitted by the parties, found that testimony by Plaintiffs' employee and buyer supported that Plaintiffs' accused products fall within the defined field of use of the CLA.  This Court, therefore, concluded that "TransCore has met its burden in showing that Plaintiffs'

1   products fall within the transportation and vehicle field governed by the exclusive license," and

2   therefore met the requirement as an exclusive licensee for standing to sue under the '807

3   Patent. Doc. No. 367 at 24. This Court, therefore, explicitly found from the record before the

4   Court that Plaintiffs' products did fall within the defined field of use, and therefore agrees with

5   TransCore. Plaintiffs' arguments that the products "have use outside the defined field" are

6   irrelevant to the Court's findings in its Order. Whether the products may have use outside the

7   defined field of use may impact other areas of this litigation, including damages, but would not

8   negate this Court's findings in view of the record that the accused products fall within the

9   CLA's defined field of use. Moreover, Plaintiffs' argument that the standard of review on

10  summary judgment favored TransCore, and therefore negates this Court's findings is not

11  persuasive. Plaintiffs cite to no case law that this Court's findings should be ignored simply

12  because Plaintiffs were the moving party, and could not overcome testimony provided by its

13  own witnesses. *See* Doc. No. 367 at 24, fn. 6.

14          Accordingly, this Court hereby ADOPTS TransCore's finding of fact that:

15          *Plaintiffs' accused infringing products fall within TransCore's field of use defined by the CLA.*

16          3.    Proposed Finding of Fact No. 3: Use of Accused Infringing Systems in the

17                United States

18          TransCore also contends that this Court should enter a finding of fact that Plaintiffs'

19  have used their infringing systems in the United States. Doc. No. 441 at 4-5, citing to Doc.

20  No. 367 at 21. Plaintiffs' rebut TransCore's contention, stating that whether its products were

21  in use in the United States is a jury question. Doc. No. 478 at 5. Plaintiffs appear to assert

22  instead that this Court did not take into consideration whether the testing referred to in the

23  United States was "of the final operable product or 'the' accused infringing system." Id.

24  Plaintiffs go on to claim that they will introduce evidence at trial that will refute a complete

25  system was tested in the United States. Id.

26          In its summary judgment motion for non-infringement, Plaintiffs argued that the

27  infringement counterclaim failed because TransCore could not demonstrate that Plaintiffs

28  "made, used offered to sell or sold any patented invention ... in the *United States* or has

imported *such an accused SCS system* into *the United States*."  Doc. No. 255 at 11.  In reviewing the record before the Court, including sealed deposition testimony submitted by TransCore, this Court took into account the findings of <u>Deepsouth Packing Co. v. Laitram Corp.</u>, 406 U.S. 518 (1972), and found that TransCore "presented unrebutted evidence through deposition testimony that Plaintiffs have used the system for testing purposes in the United States."  Doc. No. 367 at 21.  This Court also reiterated Federal Circuit law in its Order that a patentee "need only show a single infringing use that meets the requirements under § 271(a)."  <u>Id.</u>, citing to <u>Applied Medical Resources, Inc. v. U.S. Surgical Corp.</u>, 435 F.3d 1356, 1363 (Fed. Cir. 2006).  Accordingly, this Court looking at the record and the relevant law found that unrebutted evidence of sealed deposition testimony by Plaintiffs' employee,[3] which was submitted by TransCore supported the requirement under § 271(a) of infringing use in the United States through testing of the accused infringing systems by Plaintiffs.  Plaintiffs now appear to complain that this Court erred in its Order because "neither the testimony referred to in the order nor the order itself presents any evidence that the testing is of the final operable product or 'the' accused infringing system."  Doc. No. 478 at 5.  This Court finds that this line of argument is, instead, a cloaked reconsideration argument, and rejects any attempt by Plaintiffs to introduce rebuttal evidence that should have been presented in its reply, or at the least in a timely motion for reconsideration of this Court's Order.

Because this Court had previously found unrebutted, and therefore without substantial controversy, evidence of Plaintiffs' use of an accused infringing system through testing in the United States, this Court hereby ADOPTS TransCore's finding of fact that:

> *Plaintiffs have used the accused infringing system in the United States under 35 U.S.C. § 271(a)*
> *by testing the accused infringing system.*

//

//

---

[3] Although this Court could not in its Order identify the sealed testimony that supported its findings, a review of the language of the Order as well as the sealed testimony and cases referred to, confirms that this Court impliedly referred to an infringing system in its Order, not a non-relevant or non-infringing system as Plaintiffs claim.

04cv1517

4. <u>Proposed Findings of Fact Nos. 4-11: Infringement of Asserted Claims of the '807 Patent by Accused Infringing Device</u>

TransCore next contends that this Court should enter numerous proposed findings of fact regarding Plaintiffs' accused infringing devices meeting several elements of Claims 1 and 4-6 of the '807 Patent.  Doc. No. 441 at 5-6.  In particular, TransCore asserts that this Court issue proposed findings of fact that:

- No. 4:  Plaintiffs "conceded (by not disputing) that many of the elements of asserted Claims 1 and 4-6 of the '807 patent are met and satisfied, and therefore do not require separate proof at trial";

- No. 5:  Plaintiffs' accused infringing system meets the preamble of Claim 1;

- No. 6:  Plaintiffs' accused infringing system meets the first element of Claim 1;

- No. 7:  Plaintiffs' accused infringing system meets the second element of Claim 1;

- No. 8:  Plaintiffs' accused infringing system meets the fifth element of Claim 1;

- No. 9:  Plaintiffs' accused infringing system meets the sixth element of Claim 1;

- No. 10:  Plaintiffs' accused infringing system meets the last element of Claim 1; and

- No. 11:  Plaintiffs' accused infringing system meets the additional element of Claim 5.

<u>Id.</u>

a. <u>*Proposed Finding of Fact No. 4*</u>

In response, Plaintiffs contend that it is improper on a Rule 56(d) motion to include findings of fact based on any perceived admission by Plaintiffs simply because it did not address an issue in its opposition.  Doc. No. 478 at 6.  This Court agrees with Plaintiffs.  A Rule 56(d) motion allows a reviewing court to enter findings of fact that "appear without substantial controversy" after review of the record in a summary judgment motion.  Fed. R. Civ. P. 56(d).  Any proposed findings of fact that have not been addressed by the parties, even if it could have been addressed in a pleading, and therefore has not been reviewed by this Court cannot by definition fall under a fact "without substantial controversy" under Rule 56(d).  Accordingly,

04cv1517

1  this Court DECLINES TO ADOPT TransCore's proposed finding of fact no. 4.

2                  a.     *Proposed Findings of Fact Nos. 5-11*

3          The Court's tentative ruling is that proposed findings of fact nos. 5-10 are foreclosed by

4  the Court's recent ruling of invalidity as to claim 1 based on obviousness. Even if the proposed

5  findings of fact nos. 5-10 are not foreclosed, Transcore's proposed findings of fact nos. 5-11 lack

6  merit. TransCore also requests that this Court enter a fact that has not been addressed, and

7  therefore not reached by this Court. In regards to the accused infringing device allegedly

8  meeting the requirements of the preamble of Claim 1, this Court in its summary judgment

9  Order did not address whether the accused devices infringed on the preamble as construed by

10 this Court. *See* Doc. No. 366 at 11-20. TransCore's reference to this Court's Order regarding

11 the Court's findings that the asserted claims do not require a "host computer" is irrelevant to

12 this analysis. Moreover, this Court did not address in its Order whether the accused devices

13 meets the recited elements of claims 1and 5. *See* Doc. No. 440 at 5-6. TransCore's numerous

14 references to this Court's claim construction findings and continued claim interpretations are,

15 again, irrelevant to the instant Rule 56(d) analysis. Finally, TransCore's references to this

16 Court's Order regarding the "whereby" clause and whether the accused device performs the

17 element "(2) to transmit data to said remote object only if said interrogator has data to be

18 transmitted to that identified remote object" does not support an entry of a Rule 56(d) finding

19 of fact. This Court only addressed the narrow issue raised by Plaintiffs that claim 1 required

20 the interrogator to transmit data to only the correct tag, not to all tags in its range. *See* Doc.

21 No. 367 at 12-14, 16-17. This Court, therefore, did not address the issue of whether the

22 accused devices meet all of the limitations of this element. Accordingly, this Court DECLINES

23 TO ADOPT TransCore's proposed findings of facts nos. 5-11.

24             5.     <u>Proposed Finding of Fact No. 12: Actual Notice Under 35 U.S.C. § 287(a)</u>

25         TransCore contends that this Court should enter a finding of fact that the "filing of

26 [TransCore's] original complaint against SCS on May 27, 2004 provided actual notice of

27 infringement to SCS under 35 U.S.C. § 287(a)." Doc. No. 441 at 7.

28 //

04cv1517

A review of this Court's summary judgment Order does not support TransCore's contention of a finding of actual notice. Although this Court addressed Plaintiffs' specific arguments in reply to TransCore's actual notice contention regarding its May 24, 2004 complaint filing, this Court did not address whether TransCore's filing of its May 24, 2004 complaint rose to the level of fulfilling the actual notice requirement under § 287(a). Instead, the Court only addressed that Plaintiffs' contentions on summary judgment failed to rebut Defendants' contention that its May 24, 2004 could serve as actual notice, and therefore failed to demonstrate the lack of a genuine issue of material fact regarding the issue of Plaintiff's summary judgment, which was that TransCore was barred "from recovering damages prior to December 28, 2004, the date when Plaintiffs received notification of alleged infringement under the '807 Patent." Doc. No. 327 at 5. This Court, therefore, rejects TransCore's assertion that this Court made a factual finding that TransCore's May 24, 2004 complaint served as actual notice under § 287(a), and accordingly DECLINES TO ADOPT TransCore's proposed finding of fact no. 12.

6.    Proposed Finding of Fact No. 13: Enablement Requirement

TransCore claims that this Court should enter a finding of fact that Claims 1 and 4-6 of the '807 Patent meets the enablement requirement under 35 U.S.C. § 112. Doc. No. 441 at 7. In response, Plaintiffs point out that this Court "expressly found that 'there are genuine issues of material fact regarding the enablement of a non-continuously scrolling system in the '807 patent.'" Doc. No. 478 at 9-10, citing to Invalidity Order (Doc. No. 366) at 32. A review of this Court's Order supports Plaintiffs' contention. Although this Court, in viewing the evidence in a light most favorable to TransCore on summary judgment, did comment that TransCore's arguments regarding enablement through the '632 patent was "persuasive to this Court," such a statement does not equate to a finding of fact as TransCore asserts. Accordingly, this Court DECLINES TO ADOPT TransCore's proposed finding of fact no. 12.

//

//

//

04cv1517

7.      Proposed Finding of Fact No. 14: Written Description Requirement

TransCore asserts that this Court should enter a finding of fact that Claims 1 and 4-6 meet the written description requirement under 35 U.S.C. § 112.  Doc. No. 441 at 7.  Plaintiffs rebut TransCore's contention, claiming instead that this Court recognized that a written description analysis is a factual issue, and point to this Court's Order viewing the record "in a light most favorable to the patentee."  Doc. No. 478 at 10.  A review of this Court's Order supports Plaintiffs' contentions.  This Court, in its Order, specifically expressed that a written description analysis is factually-based, and that the Court in denying summary judgment to Plaintiffs, "[v]iew[ed] the evidence in the light most favorable to the patentee."  Doc. No. 366 at 33-34.  This Court, therefore, did not find "without substantial controversy" that the '807 Patent met the written description requirement under 35 U.S.C. § 112.

Accordingly, this Court DECLINES TO ADOPT TransCore's proposed finding of fact no. 14.

8.      Proposed Finding of Fact No. 15: Sterzer Patent

TransCore claims that this Court should enter a finding of fact that the Sterzer patent, U.S. Patent No. 4,001,822, fails to disclose the third element of Claim 1 of the '807 Patent. Doc. No. 441 at 7.  In response, Plaintiffs assert that this Court explicitly found that a genuine dispute exists as to this material fact.  Doc. No. 478 at 11.  A review of this Court's invalidity summary judgment Order supports Plaintiffs' assertion.  In its Order, this Court stated that the "parties ... have a genuine dispute of material fact over whether the '822 patent discloses a device capable of backscatter modulation."  Doc. No. 367 at 19.  Accordingly, this Court DECLINES TO ADOPT TransCore's proposed finding of fact no. 15 related to backscatter modulation by the Sterzer patent.

04cv1517

**CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.  Plaintiffs' proposed findings of fact under Rule 56(d) (Doc. No. 440) are **ADOPTED IN PART** and **NOT ADOPTED IN PART** as follows:

    a.  This Court **ADOPTS** Plaintiff's proposed findings of fact nos. 1 and 3 re: invalidity, that "the Sterzer reference and patent teach all limitations of claim 1 except backscatter modulation and data storage."

    b.  This Court **ADOPTS** Plaintiff's proposed findings of fact nos. 2 and 4 re: invalidity that "the Sterzer reference and patent teach selective transmission required in Claim 1 of the '807 Patent."

    c.  This Court **DECLINES TO ADOPT, without prejudice,** Plaintiff's proposed finding of fact no. 2 as it relates to damages and TransCore's failure to provide constructive notice.

    d.  This Court **DECLINES TO ADOPT** Plaintiffs' proposed findings of fact nos. 1 and 3-6 concerning actual notice under 35 U.S.C. § 287(a) prior to May 24, 2004

    e.  This Court RESERVES ITS RULING on Plaintiffs' proposed findings of fact concerning invalidity under 35 U.S.C. § 103.

2.  TransCore's proposed findings of fact under Rule 56(d) (Doc. No. 441) are **ADOPTED IN PART** and **NOT ADOPTED IN PART** as follows:

    a.  This Court **ADOPTS** TransCore's Proposed finding of fact no. 2 that "Plaintiffs' accused infringing products fall within TransCore's field of use defined by the CLA."

    b.  This Court **ADOPTS** TransCore's Proposed finding of fact no. 3 that "Plaintiffs have used the accused infringing system in the United States under 35 U.S.C. § 271(a)."

//

23

04cv1517

     c.     This Court **DECLINES TO ADOPT** TransCore's proposed finding of fact no. 1 concerning its exclusive license, and **ADOPTS** Plaintiffs' alternative proposed finding of fact that "TransCore LP, as an affiliate of TransCore Holdings, received an exclusive license to the '807 Patent in the defined field of use."

     d.     This Court **DECLINES TO ADOPT** TransCore's proposed findings of fact nos. 4-15.

Dated:     July 11, 2007

HON. JOHN A. HOUSTON
United States District Judge

24

04cv1517